THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiff
CRAIG YATES, an individual

FILED
MAY 1 0 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CV 10    2013    LB

| | |
|---|---|
| CRAIG YATES, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA,<br><br>        Defendants. | CASE NO.<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br><br>**DEMAND FOR JURY** |

1   Plaintiff CRAIG YATES, an individual, complains of defendants SHANGRILA EAST

2   LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN

3   KUCERA; and VLASTA KUCERA and alleges as follows:

4   **INTRODUCTION:**

5       1.     This is a civil rights action for discrimination against persons with physical

6   disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

7   for failure to remove architectural barriers structural in nature at defendants' SHANGRILA

8   CAFÉ AND GRILL, a place of public accommodation, thereby discriminatorily denying plaintiff

9   and the class of other similarly situated persons with physical disabilities access to, the full and

10   equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,

11   and accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the

12   Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

13   51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14       2.     Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

15   October 4, 2009, March 20, 2010, March 22, 2010 and April 12, 2010, was an invitee, guest,

16   patron, customer at defendants' SHANGRILA CAFÉ AND GRILL, in the City of San Francisco,

17   California.  At said times and place, defendants failed to provide proper legal access to the café

18   and grill, which is a "public accommodation" and/or a "public facility" including, but not limited

19   to the entrance, men's restroom and women's restroom.   The denial of access was in violation of

20   both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation

21   of his civil rights to full and equal access, and was embarrassed and humiliated.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

**JURISDICTION AND VENUE:**

3.   **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.   **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 2420 Lombard Street, in the City and County of San Francisco, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.   Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6. Defendants SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as SHANGRILA CAFÉ AND GRILL, located at/near 2420 Lombard Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

7. At all times relevant to this complaint, defendants SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA, own and operate in joint venture the subject SHANGRILA CAFÉ & GRILL as a public accommodation. This business is open to the general public and conducts business therein. The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

8. At all times relevant to this complaint, defendants SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA are jointly and severally responsible to identify and remove architectural barriers at the subject SHANGRILA CAFÉ & GRILL pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201     General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.     The SHANGRILA CAFÉ & GRILL, is a restaurant, located at/near 2420 Lombard Street, San Francisco, California.  The SHANGRILA, its entrance, men's restroom and women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the SHANGRILA and each of its facilities, its entrance, men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

10.     On or about July 3, 2002, defendants' and each of them purchased and/or took possessory control of the premises now known as SHANGRILA CAFÉ & GRILL.  At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that the café and grill was not accessible to the disabled.  Nevertheless, defendants' and each of them, operated café and grill as though it was accessible.

11.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the SHANGRILA CAFÉ & GRILL as being handicapped accessible and handicapped usable.

13.     On or about October 4, 2009, March 20, 2010, March 22, 2010 and April 12, 2010, plaintiff CRAIG YATES was an invitee and guest at the subject SHANGRILA CAFÉ & GRILL, for purposes of having food and beverage.

///

14.     On or about October 4, 2009, plaintiff CRAIG YATES wheeled to the front door of the SHANGRILA CAFÉ & GRILL, and encountered a single front door which did not have levered hardware and had excessive door pressure.  The partition just inside the café & grill was also problematic in plaintiff CRAIG YATES making his turn in his wheelchair.

15.     At said time and place, plaintiff CRAIG YATES needed an accessible table. Plaintiff CRAIG YATES encountered tables with pedestal bases which did not allow his wheelchair to adequately slip underneath the table.

16.     At said time and place, plaintiff CRAIG YATES needed to use a restroom. Plaintiff CRAIG YATES went to both the men's and women's restroom.  Plaintiff CRAIG YATES saw that the doorway width to the restroom was too narrow for his wheelchair and that the restrooms were too small.

17.     On or about December 15, 2009, plaintiff CRAIG YATES wrote both the landlord and the tenant about the door pressure, tables and restrooms.  Plaintiff CRAIG YATES suggested combining the men's and women's restrooms.  Plaintiff CRAIG YATES did not receive a response from the landlord or tenant.

18.     On or about March 20, 2010, March 22, 2010 and October 4, 2009, March 20, 2010, March 22, 2010 and April 12, 2010, plaintiff CRAIG YATES returned to SHANGRILA CAFÉ & GRILL.  Plaintiff CRAIG YATES encountered all of the same barriers as stated herein.

///
///
///
///
///
///
///
///
///
///

19.     Therefore, at said times and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject SHANGRILA CAFÉ & GRILL which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

      a.    lack of an accessible entrance due to non compliant hardware and excessive door pressure;

      b.    lack of an accessible dining area; 5% compliance requirement;

      c.    lack of a handicapped-accessible women's public restroom;

      d.    lack of a handicapped-accessible men's public restroom;

      e.    lack of clear space due to the partition near the front door; and

      f.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

20.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

21.     On or about December 15, 2009, defendant(s) were sent two (2)  letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

22.     As a legal result of defendants SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23. As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his civil rights to full and equal access to public facilities.

24. Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

25. Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

26. Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendants SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA, because defendants SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA maintained a and café and grill without access for persons with physical disabilities to its facilities, including but not limited to the the entrance, men's restroom and women's restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

27. On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

///

1    28.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the

2  SHANGRILA CAFÉ & GRILL to be made accessible to meet the requirements of both California

3  law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as

4  defendants operate the subject café  as a public facility.

5    29.    Plaintiff seeks damages for violation of their civil rights on  October 4, 2009,

6   March 20, 2010, March 22, 2010 and April 12, 2010 and seeks statutory damages of not less than

7  $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for

8  each day after his visit that the trier of fact (court/jury) determines was the date that some or all

9  remedial work should have been completed under the standard that the landlord and tenant had an

10 ongoing duty to identify and remove architectural barriers where it was readily achievable to do

11 so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation

12 because of his knowledge and/or belief that neither some or all architectural barriers had been

13 removed and that said premises remains inaccessible to persons with disabilities whether a

14 wheelchair user or otherwise.

15    30.    On information and belief, defendants have been negligent in their affirmative duty

16 to identify the architectural barriers complained of herein and negligent in the removal of some or

17 all of said barriers.

18    31.    Because of defendants' violations, plaintiff and other persons with physical

19 disabilities are unable to use public facilities such as those owned and operated by defendants on a

20 "full and equal" basis unless such facility is in compliance with the provisions of the Americans

21 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

22 other accessibility law as plead herein.  Plaintiff seeks an order from this court compelling

23 defendants to make the café & grill accessible to persons with disabilities.

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

32.   On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other cafes and grills and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

33.   Plaintiff is informed and believes and therefore alleges that defendants SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA, and each of them, caused the subject building(s) which constitute the SHANGRILA CAFÉ & GRILL to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the subject café  and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said café & grill and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the SHANGRILA CAFÉ & GRILL and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, and other members of the disability community.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

34.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the SHANGRILA CAFÉ & GRILL and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the SHANGRILA CAFÉ & GRILL accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the cafe.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

35.     Plaintiff CRAIG YATES and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**I.   FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA, inclusive, to make the SHANGRILA CAFÉ & GRILL, located at 2420 Lombard Street, San Francisco, inclusive) (42 U.S.C. §12101, *et seq.*)

36.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 35 of this complaint.

37.   Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

38.   Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

39. As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

40. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

41. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

///

1

        (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing

2

facilities . . . where such removal is readily achievable; and

3

        (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to

4

make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such

5

methods are readily achievable.

6 The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

7 Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

8 January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

9 §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10       42.    The removal of the barriers complained of by plaintiff as hereinabove alleged were

11 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of

12 SHANGRILA CAFÉ & GRILL pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information

13 and belief, if the removal of all the barriers complained of herein together was not "readily

14 achievable," the removal of each individual barrier complained of herein was "readily

15 achievable." On information and belief, defendants' failure to remove said barriers was likewise

16 due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

17 (b)(2)(A)(i)and (ii).

18       43.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

19 accomplishable and able to be carried out without much difficulty or expense."  The statute

20 defines relative "expense" in part in relation to the total financial resources of the entities

21 involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that

22 plaintiff complains of herein were and are "readily achievable" by the defendants under the

23 standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

24 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

25 make the required services available through alternative methods which were readily achievable.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

44.     On information and belief, construction work on, and modifications of, the subject building(s) of SHANGRILA occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

45.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

46.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about April 12, 2010, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

47.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

II.  **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA, inclusive, to make the SHANGRILA CAFÉ & GRILL, located at 2420 Lombard Street, San Francisco, inclusive)

(California Civil Code §§54, 54.1, 54.3, *et seq.)*

48.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 47 of this complaint.

49.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

50.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

51.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    52.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2  whose rights have been infringed upon and violated by the defendants, and each of them, as

3  prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants

4  knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5  Code §§54 and 54.1.  Plaintiff has been and continue to be denied full and equal access to

6  defendants' SHANGRILA CAFÉ & GRILL.  As a legal result, plaintiff is entitled to seek

7  damages pursuant to a court or jury determination, in accordance with California Civil Code

8  §54.3(a) for each day on which he visited or have been deterred from visiting the subject café &

9  grill because of his  knowledge and belief that the subject restaurant is inaccessible to persons

10 with disabilities.  California Civil Code §54.3(a) provides:

11            Any person or persons, firm or corporation, who denies or interferes
              with admittance to or enjoyment of the public facilities as specified
12            in Sections 54 and 54.1 or otherwise interferes with the rights of an
              individual with a disability under Sections 54, 54.1 and 54.2 is
13            liable for each offense for the actual damages and any amount as
              may be determined by a jury, or the court sitting without a jury, up
14            to a maximum of three times the amount of actual damages but in
              no case less than . . .one thousand dollars ($1,000) and . . .
15            attorney's fees as may be determined by the court in addition
              thereto, suffered by any person denied any of the rights provided in
16            Sections 54, 54.1 and 54.2.

17            Civil Code §54.3(a)

18    53.    On or about October 4, 2009, March 20, 2010, March 22, 2010 and April 12, 2010,

19 plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG

20 YATES was denied access to the entrance, men's restroom and women's restroom and other

21 public facilities as stated herein at the SHANGRILA CAFÉ & GRILL and on the basis that

22 plaintiff CRAIG YATES was a person with physical disabilities.

23    54.    As a result of the denial of equal access to defendants' facilities due to the acts and

24 omissions of defendants, and each of them, in owning, operating and maintaining these subject

25 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

26 rights under Civil Code §§54, 54.1 and 54.3.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

55.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

56.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about October 4, 2009, March 20, 2010, March 22, 2010 and April 12, 2010, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

57.    As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

III.    **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*** (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA, inclusive, to make the SHANGRILA CAFÉ & GRILL, located at 2420 Lombard Street, San Francisco, inclusive) (Health & Safety Code §19955, *et seq.*)

58.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 57 of this complaint.

59.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

60.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the SHANGRILA CAFÉ & GRILL and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the SHANGRILA and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    61.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

2  Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,

3  1982, Title 24 of the California Building Standards Code adopted the California State Architect's

4  Regulations and these regulations must be complied with as to any alterations and/or

5  modifications of SHANGRILA CAFÉ & GRILL and/or the building(s) occurring after that date.

6  Construction changes occurring prior to this date but after July 1, 1970 triggered access

7  requirements pursuant to the "ASA" requirements, the American Standards Association

8  Specifications, A117.1-1961.  On information and belief, at the time of the construction and

9  modification of said building, all buildings and facilities covered were required to conform to

10  each of the standards and specifications described in the American Standards Association

11  Specifications and/or those contained in Title 24 of the California Building Standards Code.

12    62.    Restaurants, cafes and grills such as the SHANGRILA CAFÉ & GRILL are

13  "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et*

14  *seq*.

15    63.    As a result of the actions and failure to act of defendants, and as a result of the

16  failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied

17  plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil

18  rights and plaintiff's rights as a person with physical disabilities to full and equal access to public

19  facilities.

20    64.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

21  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's

22  civil rights and enforce provisions of the law protecting access for the persons with physical

23  disabilities and prohibiting discrimination against the persons with physical disabilities, and to

24  take such action both in plaintiff's own interests and in order to enforce an important right

25  affecting the public interest.  Plaintiff, therefore, seeks in this lawsuit the recovery of all

26  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

27  §1021.5.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1 Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil

2 Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and litigation

3 expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiff

4 will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

5      65.     Plaintiff seeks injunctive relief for an order compelling defendants, and each of

6 them, to make the subject place of public accommodation readily accessible to and usable by

7 persons with disabilities.

8 **IV. FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
9 **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
10 (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA
11 CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA, inclusive, to make the SHANGRILA CAFÉ & GRILL, located at 2420 Lombard Street, San Francisco, inclusive)
12 (Civil Code §51, 51.5)

13      66.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

14 the allegations contained in paragraphs 1 through 65 of this complaint.

15      67.     Defendants' actions and omissions and failure to act as a reasonable and prudent

16 public accommodation in identifying, removing and/or creating architectural barriers, policies,

17 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

18 Unruh Act provides:

19           This section shall be known, and may be cited, as the Unruh Civil Rights Act.
20

21           All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry,
22 national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

23

24           This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is
25 applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1        Nothing in this section shall be construed to require any construction,
alteration, repair, structural or otherwise, or modification of any sort
2        whatsoever, beyond that construction, alteration, repair, or modification
that is otherwise required by other provisions of law, to any new or existing
3        establishment, facility, building, improvement, or any other structure . . .
nor shall anything in this section be construed to augment, restrict, or alter
4        in any way the authority of the State Architect to require construction,
alteration, repair, or modifications that the State Architect otherwise
5        possesses pursuant to other . . . laws.

6               A violation of the right of any individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336) shall
7        also constitute a violation of this section.

8  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

9  "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

10  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

11  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

12  defendants, and each of them.

13       68.     The acts and omissions of defendants stated herein are discriminatory in nature and

14  in violation of Civil Code §51.5:

15               No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell to,
16        or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or **disability** of the person or of
17        the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,
18        suppliers, or customers.

19               As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,
20        limited liability company, or company.

21               Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
22        modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by other
23        provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything
24        in this section be construed to augment, restrict or alter in any way
the authority of the State Architect to require construction,
25        alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other laws.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

69.     Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiff accordingly incorporates the entirety of his  above cause of action for violation of the Americans with Disabilities Act at §36 , *et seq.*, as if repled herein.

70.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities.

71.     Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

72.     Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRAYER:**

Plaintiff prays that this court award damages and provide relief as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA, inclusive, to make the SHANGRILA CAFÉ & GRILL, located at 2420 Lombard Street, San Francisco, inclusive) (42 U.S.C. §12101, *et seq.*)

1.     For injunctive relief, compelling defendants SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA, inclusive, to make the SHANGRILA CAFÉ & GRILL, located at 2420 Lombard Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEO.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA, inclusive, to make the SHANGRILA CAFÉ & GRILL, located at 2420 Lombard Street, San Francisco, inclusive) (California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.     For injunctive relief, compelling SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA, inclusive, to make the SHANGRILA CAFÉ & GRILL, located at 2420 Lombard Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

2   each occasion on which plaintiff was deterred from returning to the subject public

3   accommodation.

4    3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

5   if plaintiffs are deemed the prevailing party;

6    4.      Treble damages pursuant to Civil Code §54.3;

7    5.      General damages according to proof;

8    6.      For all costs of suit;

9    7.      Prejudgment interest pursuant to Civil Code §3291; and

10   8.      Such other and further relief as the court may deem just and proper.

11  **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
       SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
12     §19955, *ET. SEO.***
       (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
13     SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA
       CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA, inclusive, to make the
14     SHANGRILA CAFÉ & GRILL, located at 2420 Lombard Street, San Francisco, inclusive)
       (Health & Safety code §19955, *et seq.*)
15

16   1.      For injunctive relief, compelling SHANGRILA EAST LLC, a California Limited

17  Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA

18  KUCERA, inclusive, to make the SHANGRILA CAFÉ & GRILL, located at 2420 Lombard

19  Street, San Francisco, California, readily accessible to and usable by individuals with disabilities,

20  per state law.

21   2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

22  alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

23   3.      For all costs of suit;

24   4.      For prejudgment interest pursuant to Civil Code §3291;

25   5.      Such other and further relief as the court may deem just and proper.

26  ///

27  ///

28  ///

IV.  **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants SHANGRILA EAST LLC, a California Limited Liability Company dba SHANGRILA CAFÉ & GRILL; JOHN KUCERA; and VLASTA KUCERA, inclusive, to make the SHANGRILA CAFÉ & GRILL, located at 2420 Lombard Street, San Francisco, inclusive) (California Civil Code §§51, 51.5, *et seq.*)

1.  All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.  Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.  General damages according to proof;

4.  Treble damages pursuant to Civil Code §52(a);

5.  For all costs of suit;

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

6.  Prejudgment interest pursuant to Civil Code §3291; and

7.  Such other and further relief as the court may deem just and proper.

Dated: _4/15/10_, 2010    THOMAS E. FRANKOVICH,
                          *A PROFESSIONAL LAW CORPORATION*

By: _____
    THOMAS E. FRANKOVICH
    Attorneys for Plaintiff CRAIG YATES, an individual

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: _4/15/10_, 2010    THOMAS E. FRANKOVICH,
                          *A PROFESSIONAL LAW CORPORATION*

By: _____
    THOMAS E. FRANKOVICH
    Attorneys for Plaintiff CRAIG YATES, an individual

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Exhibit A

Recycled   Stock # R DOA-10-B

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

December 15, 2009

Manager
Shangrila Café and Grill
2420 Lombard St.
San Francisco, CA 94123

Dear Manager of Shangrila Café and Grill:

Recently, I visited Shangrila Café and Grill . As I use a wheelchair, I had problems with the front door pressure being to great to get in. Then the partition is too close to the door opening which makes it hard ro turn. The pedestal style table does not let the wheelchair under it. The men's restroom is too small, as is the woman's.  The good news is that you could combine the two and make one that's usable.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing!  If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The Shangrila is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to the Shangrila once it's accessible to me. I may still come back before you do the work just because the food is quite good. If there is some problem doing this, please let me know. Would you please reply to my letter by certified mail or FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

December 15, 2009

Owner of the Building for
Shangrila Café and Grill
2420 Lombard St.
San Francisco, CA 94123

Dear Owner of Building for Shangrila Café and Grill:

Recently, I visited Shangrila Café and Grill . As I use a wheelchair, I had problems with the front door pressure being to great to get in. Then the partition is too close to the door opening which makes it hard ro turn. The pedestal style table does not let the wheelchair under it. The men's restroom is too small, as is the woman's.  The good news is that you could combine the two and make one that's usable.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The Shangrila is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to the Shangrila once it's accessible to me. I may still come back before you do the work just because the food is quite good. If there is some problem doing this, please let me know. Would you please reply to my letter by certified mail or FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates